EDWIN W. MARSH, plaintiff in error, *vs.* HENRY GRIFFIN, defendant in error.

One who buys land on which the lien of a judgment against the vendor has attached and which is subsequently sold by the sheriff under the judgment, cannot tack the time he was in possession prior to the levy to the time that elapses from the sale to the bringing of ejectment by the purchaser at sheriff's sale, so as to claim that the two periods when added will make out a title by prescription.

Prescription.    Judgment.    Possession.    Before Judge UN-DERWOOD.    February Adjourned Term, 1874.

On April 9th, 1873, Marsh brought complaint against Griffin for lot of land one hundred and eighty-six, in the twelfth district and fourth section of said county.   The defendant pleaded the general issue and title by prescription.

Marsh *vs.* Griffin.

Upon the trial the following facts were admitted: On February 24th, 1862, Marsh· obtained a judgment against one John Hatfield, upon which execution issued on October 1st, 1867. On the 28th of the month last aforesaid, a levy was made upon the land in controversy, and a sale had on the first Tuesday in the following December. Marsh became the purchaser, taking a sheriff's deed therefor.

On December 29th, 1862, Hatfield, for and in consideration of $800 00 paid, conveyed said ·lot to Alexander Martin, who went into possession the following fall, and so remained until August 20th, 1872. On the day last aforesaid, Martin, for a valuable consideration, conveyed to the defendant Griffin, who immediately went into possession, and has so remained from that time.

The court charged the jury that upon the facts, as stated, the plaintiff was not entitled to recover, and a verdict was rendered accordingly.

Exception was taken to the aforesaid charge, and error is assigned thereon.

DABNEY & FOUCHE; J. C. CLEMENTS, for plaintiff in error.

WARREN AKIN, for defendant.

TRIPPE, Judge.

The simple question made in this case is, can one who buys land on which the lien of a judgment against the vendor has attached, and which is subsequently sold by the sheriff under the judgment, tack the time he was in possession prior to the levy to the time that elapses from the sheriff's sale to the bringing of ejectment by the purchaser thereat, so as to claim that the two periods, when added, will make out a title by prescription? The court below held that he could. We cannot concur with this construction of the statute in relation to the matter of title by prescription. It is true that it is specially provided that if a *bona fide* purchaser of land re-

mains in possession of it four years, he then holds it discharged from the lien of any judgment against his vendor: Code, section 3583    But this is not on the ground of adverse possession in the purchaser.    Not one word is used in the section referring to the character of the possession.    The purchaser may admit every day of the four years after his purchase, that his land is subject to the lien of the judgment, and that it could be enforced against it, and his right be none the less, after the expiration of four years, to assert that the land is then discharged from all right in the plaintiff in the judgment to claim any lien upon it.    But if before that lien is lost the land is levied on and sold, the previous possession of the person who had bought from the defendant can no longer be of any avail to him as against the purchaser at sheriff's sale.    Time may have been running in his favor down to the levy, so far as concerned the lien of the judgment.    But when the land is sold by the sheriff under the judgment, the relation of the parties is changed.    It then becomes a question of title—of contesting titles, one in the purchaser from the defendant in the judgment—and the other in the purchaser at sheriff's sale.    It cannot be claimed that the possession of the first was adverse as to the latter.    If, in a loose sense, it was adverse to the lien of the judgment, that was determined when the land was levied on and sold.

The provisions of the Code upon the subject of title by prescription do not apply to such a case.    They were not intended to affect the question of the lien of judgments.    If the holder of such a lien enforces it, before it is lost under section 3583, whatever new right he may acquire by purchasing at a sale thus had, or the right of a third person who may be the purchaser, is unaffected, by the time that may have elapsed between the time of a sale made by the defendant in the judgment, and the time when the judgment is enforced by levy and sale by the sheriff.

Judgment reversed.